Judge MANNHEIMER,
concurring.
I write separately to emphasize the question of statutory interpretation that we are deciding here.
The statute that governs a DUI arrestee's right to an independent test, AS 28.35.083(e), declares that if the arrestee requests an independent test, the police are required to make reasonable, good-faith efforts "to assist the [arrestee] in contacting a person qualified to perform an independent chemical test of the [arrestee's] breath or blood." The question is whether the statute contemplates that the police can choose between offering the arrestee a breath test or a blood test-or whether, instead, the statute endows the ar-restee with the right to choose between these two tests.
As the lead opinion explains, the supreme court held in Gundersen v. Anchorage that the police may validly offer the arrestee only *360 one form of independent test, and the arres-tee has no right to demand another form of test. 792 P.2d 673, 677-78 (Alaska 1990). And as the lead opinion further explains, the legislative history of AS 28.35.033(e) shows that this statute was intended to codify the decision in Gunderson.
We therefore conclude that, when the statute speaks of an independent test of "breath or blood", the type of independent test is at the option of the police, not the arrestee.